## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TAMMY EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| GLOBAL MED-NET, INC. and | ) |
| GOEKEN GROUP CORP. | ) Judge |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Tammy Evans, through her attorneys, for her Complaint against Global Med-Net, Inc. and Goeken Group Corp., ("Defendants") states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA), for Defendants' failure to pay overtime wages to Plaintiff.

**THE PARTIES**

2. Plaintiff is a current employee of Defendants. Plaintiff resides in and is domiciled within this judicial district.

3. At all material times hereto, Defendants were commonly owned companies located and doing business within this judicial district.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C.

§216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## COUNT I
### Violation of the Fair Labor Standards Act -- Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 4 of this Complaint

5. This count arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiff for all hours worked in excess of 40 in individual work weeks.

6. At all material times hereto, Plaintiff was an "employee" of Defendants within the meaning of §3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1), and Defendants were her "employer(s)" within the meaning Section 3(d) of the FLSA, 29 U.S.C. §203(d).

7. Defendants are Illinois corporations and are "enterprises" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1), and enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), in that Defendants' employees are engaged in interstate commerce and Defendants' annual gross volume of sales made or business done exceeds $500,000 exclusive of excise taxes.

8. During the course of her employment by Defendants, Plaintiff was paid an hourly rate of pay for all time worked and was not paid on a salary basis.

9. During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

10. Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

11. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

12. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular rate of pay for time worked in excess of forty (40) hours in individual workweeks. Instead, Defendants paid Plaintiff her straight time hourly rate of pay for all time worked. See, for example, Exhibit A hereto, showing that Plaintiff was paid $15.00 per hour for 121.61 hours of work in the bi-weekly pay period ending February 6, 2008. See also, Exhibit B hereto, showing that Plaintiff was paid $15.00 per hour for 127.68 hours of work in the bi-weekly pay period ending May 14, 2008.

13. At other times during her employment, Defendants "split" Plaintiff's compensation between two weekly payroll checks. One bi-weekly payroll check for time worked up to the first eighty (80) hours in the bi-weekly pay period was made by Defendant Goeken Group Corp. A second payroll check for time worked in excess of forty (40) hours in work weeks during that bi-weekly pay period was then paid to Plaintiff by Global Med Net Inc., but such overtime hours were paid to Plaintiff at her straight-time regular hourly rate. See for example, Exhibit C, illustrating Defendants' "check splitting" scheme.

14. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

15. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law -- Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 15 of this Complaint.

16. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

17. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

18. At all relevant times herein, Defendants were "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was an "employee" within the meaning of that Act.

19. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her regular hourly rate of pay for hours worked in excess of forty (40) hours per week.

20. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

21. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.  A judgment in the amount of one and one-half times Plaintiff's normal hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.  Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.  Reasonable attorneys' fees and costs incurred in filing this action; and

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages

Plaintiff incorporates and realleges paragraphs 1 through 21 as though set forth herein.

22. This count arises from the violation of the IWPCA for Defendants' failure and refusal to pay Plaintiff her earned wages for all time worked at the rate agreed to by the parties.

23. At all relevant times herein, Defendants were "employer(s)" as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/2, and Plaintiff was an "employee" within the meaning of that Act.

24. Defendants promised to pay Plaintiff the rate of one and half times her regular rate of pay for all time she worked in excess of forty hours each week. See Exhibit D.

25. During the course of her employment with Defendants, Plaintiff was not compensated at an overtime rate of pay for all time she worked over 40 hours each week.

26. Plaintiff was entitled to be paid for all time she worked at the rate agreed to by the parties.

27. Defendants failure to pay Plaintiff for all time worked at the rate agreed to by the parties violated the IWPCA.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

A.  A judgment in the amount of all back wages due, as provided by the Illinois Wage

Payment and Collection Act;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C. An injunction precluding Defendants from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*;

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: March 12, 2010

s/Douglas M. Werman
One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Bantz
David E. Stevens
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312)419-1008